# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1601 | **DATE** | October 7, 2002 |
| **CASE TITLE** | Katherine Anthony v. Country Life Manufacturing L.L.C., d/b/a Biochem | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss (Doc. # 9)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

For the attached reasons, the Court DISMISSES Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). All other pending motions are denied as moot.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | U.S. DISTRICT COURT | date mailed notice | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**OCT 9 2002**

Katherine Anthony, )
)
Plaintiff, )
) No. 02 C 1601
v. )
) Judge William J. Hibbler
Country Life Manufacturing, L.L.C., )
d/b/a Biochem )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Katherine Anthony sued Country Life Manufacturing, claiming that Country Life violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act), 815 ILCS 505/1, *et seq.* as well as breached both express and implied warranties. Country Life moves under Fed. R. Civ. P. 12(b)(6) to dismiss Anthony's claims. The motion is fully briefed and ready for adjudication. For the following reasons, the Court DISMISSES plaintiff's complaint in its entirety.

The factual basis of plaintiff's claims is simple. Plaintiff alleges that she purchased the "Ultimate Lo Carb Bar" and the "Ultimate Lo Carb 2," both manufactured by the defendant, which contain ingredients that the Food and Drug Administration had not approved as food additives (stevia extract and cholecalciferol, respectively). According to plaintiff, the bars are "adulterated" food products under the Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. § 342(a)(2)(C)(1). Plaintiff argues that Country Life violated the Illinois Consumer Fraud Act and the Illinois Uniform

\19

Commercial Code because it knowingly placed "adulterated" bars into the stream of commerce.

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. The Court must construe all allegations in the complaint in the light most favorable to the plaintiff, taking all well- pleaded facts and allegations within the complaint as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). Defendants must meet a high standard to prove the complaint should be dismissed for the failure to state a claim upon which relief could be granted, and a plaintiff's complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

*A. Count I—Consumer Fraud Act Claim*

Anthony's claim under the Consumer Fraud Act fails for several reasons. First, even construing the allegations in the light most favorable to the plaintiff, the Court finds that, under no set of facts, could Anthony establish two of the four elements required to demonstrate violation of the CFA. Further, the claim amounts to nothing other than an attempt to enforce the FDCA. Plaintiff seeks to appoint herself as a private administrator of the FDCA—a statute which contains no private right of action. Because Anthony cannot establish the required elements and because her claim is preempted by the FDCA, the Court holds that she has failed to state a claim under the CFA, and Count I must be dismissed.

The elements of a cause of action under the Consumer Fraud Act include: (1) a deceptive act or unfair practice; (2) defendant's intent that the plaintiff relies on the deceptive act or unfair practice; (3) the act or practice occurred in the course of conduct involving trade or commerce; and (4) the act or practice proximately caused injury to plaintiff. *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1997); *Casualty Ins. Co. v. Hill Mech. Gr.*, 753 N.E.2d 370, 376 (Ill. App. Ct. 2001). Anthony cannot establish that the defendant engaged in a deceptive act or unfair practice. Anthony expressly disavows any claim that Country Life engaged in a deceptive act. (*Pl. Resp. Mot. Dismiss* at 3). Instead, Anthony argues that Country Life engaged in an unfair practice by producing and marketing nutrition bars that contain non-FDA approved ingredients. Under Illinois law, unfair practices are those that offend public policy, are oppressive, or cause consumers substantial injury. *Saunders v. Michigan Ave. Nat'l Bank*, 662 N.E.2d 602, 608 (Ill. App. Ct. 1996).

Anthony argues that the making and manufacturing of adulterated food offends public policy and is "immoral, unethical and unscrupulous," and thus amounts to an unfair practice. But Illinois' Consumer Fraud Act exists as "'a regulatory and remedial statute intended to protect consumers, borrowers and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices,'" such as the use of contracts of adhesion or the imposition of unconscionable terms in contracts. *Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.*, 713 N.E.2d 543, 547 (1999) (quoting *Cripe v. Leiter*, 703 N.E.2d 100, 103 (1998)). Illinois courts have

3

insisted that a defendant's conduct "must violate public policy, be so oppressive as to leave the consumer with little alternative but to submit, and injure the consumer." *Saunders*, 662 N.E.2d at 608 (citing *People ex rel. Hartigan v. Knecht Services, Inc.*, 575 N.E.2d 1378 (1991)). In this case Anthony alleges that the mere act of marketing adulterated food, by itself, is an unfair practice. But there is a total absence of oppressiveness necessary to establish an unfair practice; Anthony was not deceived and was free to purchase other manufacturers' nutrition bars or to forego her purchase altogether. Country Life's act of producing and marketing adulterated food does not rise to the level required by Illinois courts to establish an unfair practice. *Cf. Ekl v. Knecht*, 585 N.E.2d 156 (Ill. App. Ct. 1991) (holding that a plumber who threatened to undo his work and turn off the plaintiff's water if not immediately paid an unreasonably high fee engaged in an unfair practice); *Elder v. Coronet Ins. Co.*, 558 N.E.2d 1312 (Ill. App. Ct.1990) (holding that insurance company's act of requiring insured to submit to polygraph examinations rather than supply sworn affidavits in support of claims was an unfair practice because it required insured to file suit or forego recovery); *People ex rel. Fahner v. Hedrich*, 438 N.E.2d 924 (Ill. App. Ct. 1982) (holding that owner of a mobile home park liable under CFA for prohibiting park residents from selling their sites without paying transfer fee because residents had no reasonable alternative other than to pay the fee); *see also Barr Co. v. Safeco Ins. Co.*, 583 F. Supp. 248 (N.D. Ill. 1984) (holding that the plaintiff had stated a cause of action against the defendant insurer, who allegedly engaged in a practice of not paying

4

promptly and completely claims in an effort to negotiate settlement payments that were less than the full and fair value of the insured's claims). Therefore, the Court finds that as a matter of law, Anthony cannot establish that Country Life engaged in a deceptive act or unfair practice.

Even if Anthony could demonstrate that Country Life engaged in an unfair practice, her claim would still fail. That is because Anthony has failed to allege any facts to demonstrate that Country Life's manufacturing of adulterated nutrition bars is the *proximate* cause of her injuries. Proximate cause can be established only when there is a "reasonable certainty" that the *defendant's acts* caused the injury. *Friedman v. Safe Sec. Serv., Inc.*, 765 N.E.2d 104, 114 (Ill. App. Ct. 2002). Anthony points to only one act on the part of Country Life that she contends offended the CFA: Country Life's act of manufacturing and marketing adulterated nutrition bars. Similarly, Anthony points to her direct economic loss—the cost of purchase—as her only injury. But it is plain that Country Life's act in manufacturing and marketing the nutrition bars did not *cause* Anthony to purchase them, as Anthony does not allege that she was in any way deceived (indeed she expressly disavows that claim). Instead, Anthony merely claims that she was injured because she purchased the defendant's nutrition bars and that she could not have purchased them if the defendant had complied with FDA regulations. This is "but-for" causation, not proximate causation. Therefore the Court finds that Anthony's claim also fails because as a matter of law she can not establish that defendant's actions proximately caused her injuries.

Lastly, Anthony's claim must fail because it is preempted by the FDCA. The authority to enforce the FDCA is vested solely in the federal government, and the Act does not provide a private right of action. 21 U.S.C. §§ 336, 337; *see also Martin v. Ortho Pharm. Corp.*, 661 N.E.2d 352, 355-56 (Ill. 1996). Anthony's claim, however, is premised solely upon a violation of the FDCA—that defendant sold nutrition bars containing ingredients that the FDA had not approved. She does not allege that she was injured after consuming the bars. *Cf. Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 1997 WL 94237, (D. Kan. 1997) (ruling that the FDCA preempted plaintiff's attempt to use the Lanham Act to enforce the requirements of the FDA). Anthony cites *Grove Fresh Distributers, Inc. v. Flavor Fresh Foods, Inc.*, 720 F. Supp. 714 (N.D. Ill. 1989) to suggest that her claim is not preempted. But *Grove Fresh* stands only for the proposition that a plaintiff may rely on the FDCA to provide a standard that the defendants failed to meet. *See id.* at 716. *Grove Fresh* might be applicable if Anthony had become ill after consuming the bars and wished to use the FDCA to demonstrate that defendant's products had not met federal standards. But in this case, Anthony's claim is unmistakably one for direct enforcement of the FDCA, for which no private right of action exists.

For each of the foregoing reasons, Anthony's claim under Illinois' Consumer Fraud Act is DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(6).

*B. Counts II-IV—Breach of Warranty Claims*

Anthony's breach of warranty claims fare no better. An express warranty requires an affirmative fact or promise or a description of the goods. 815 ILCS § 5/2-313; *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 634 (Ill. App. Ct. 2001). Anthony argues, but cites no precedent in support, that by causing the nutrition bars to be placed on store shelves for sale, Country Life has made an express promise to potential buyers. Anthony has confused express and implied warranties. Express warranties are distinguished from implied warranties, which are "derived form the interplay of a transaction's factual circumstances with the foreseeable expectations of a buyer ... and [which] arise regardless of an affected seller's actual wishes." *Collins Co. v. Carboline Co*, 523 N.E.2d 834, 838 (Ill. 1988). Anthony identifies no affirmative fact or promise made by Country Life to her and thus has not stated a claim for a breach of an express warranty.

Anthony's claims for breach of an implied warranty of merchantability and implied warranty for a particular purpose also fail because Anthony failed to give notice before filing suit. Section 2-607 of the Uniform Commercial Code states in relevant part:

> The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy ... or be barred from any remedy over for liability established by the litigation.

810 ILCS 5/2-607(3)(a); *see also* 810 ILCS 5/2-714 (requiring notice before recovery of damages).

The Illinois Supreme Court has interpreted Section 2-607(3)(a) to require a buyer to notify the seller of the "troublesome" nature of the *particular* transaction. *See*

*Connick*, 675 N.E.2d at 590; *see also Tudor v. Jewel Food Stores, Inc.*, 681 N.E.2d 6, 10-11 (Ill. App. Ct. 1997). It is not sufficient that the seller be aware of problems with a product line—section 2-607 is satisfied "only where the manufacturer is somehow apprised of the trouble with the *particular product purchased by a particular buyer.*" *Connick*, 675 N.E.2d at 590. An exception to the notice requirement of section 2-607 exists where a buyer suffers a personal (rather than purely economic) injury. *See Tudor*, 681 N.E.2d at 11. The reason for the notice requirement is simple: the UCC prefers that the breach be cured without the lawsuit, and requiring consumers to first contact the manufacturer before filing suit allows the manufacturer to address the breach. *See Connick*, 675 N.E.2d at 591. Anthony concedes that she suffered no personal injury and that she failed to first notify Country Life before filing this suit. Accordingly, plaintiff's breach of implied warranty claims must also be dismissed.

For the foregoing reasons, defendant's motion to dismiss all four of plaintiff's counts is GRANTED.

IT IS SO ORDERED.

Date: 10/7/02

William J. Hibbler, Judge
United States District Court

8